JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 494226

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE A. HANEY and RUTH H. HANEY,<br><br>    Plaintiffs,<br> v.<br>OCWEN LOAN SERVICING, LLC and DOES 1–100, inclusive,<br><br>    Defendants. | Case No. 2:12-cv-09742-ODW (PLAx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

  The Court has received Defendant Ocwen Loan Servicing, LLC's Notice of Removal. Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court determines that Ocwen has failed to satisfy its burden to establish federal jurisdiction. The Court must therefore remand this action to the Los Angeles Superior Court.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, Court strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.  To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).  For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Ocwen's Notice of Removal alleges that "Plaintiffs reside in Ventura County, California." (Notice of Removal 2 (citing Compl. ¶ 1.).)  But residency allegations are insufficient alone to establish citizenship.  While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations are insufficient to establish citizenship *on removal* in light of the strong presumption against removal jurisdiction.  *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.  The Court therefore **REMANDS** this case to the Los Angeles County Superior Court.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

November 19, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**